IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax Deferral Tax

KATHLYNE DRAPER,                          )
                                          )
                    Plaintiff,            )   TC-MD 130422C
                                          )
       v.                                 )
                                          )
DEPARTMENT OF REVENUE,                    )
State of Oregon,                          )
                                          )
            Defendant-Intervenor.         )   **DECISION**

## I.  INTRODUCTION

Plaintiff has appealed to this court from Defendant's notice of Deferral Account

Inactivation, which removed her homestead from the senior and disabled homestead property tax

deferral program for the 2013-14 tax year.  The court held a hearing by telephone August 19,

2013.  Plaintiff appeared on her own behalf.  Defendant was represented by Kathy Stevens.

The court issued an Order on August 21, 2013, dismissing Benton County Assessor as a

named defendant.  That Order is incorporated herein by this reference.

## II.  STATEMENT OF FACTS

Plaintiff has been in the senior and disabled property tax deferral program since 2007.

(Def's Ans at 1.)  Defendant sent Plaintiff a letter dated February 1, 2013, indicating that she was

currently participating in the deferral program and that she "must certify to the department every

two years that [she] continue[s] to meet program eligibility requirements."  (Ptf's Compl at 3.)

That letter goes on to state that Plaintiff must "complete questions 1-6 on the attached form,

attach a copy of [her] 2012 property tax statement, sign the form, and return it to the department

within 65 days from the date of this notice."  (*Id*.)  Plaintiff insists she never received

Defendant's February 1, 2013, Property Tax Deferral Recertification letter.  Subsequently, by

letter dated April 22, 2013, Defendant notified Plaintiff that it had not received the information requested "within the 65-day deadline, which results in this account inactivation." (*Id*. at 2.) That letter states that, as a result of the inactivation, Plaintiff "will be responsible for payment of property taxes to Benton County beginning this November." (*Id*.) Plaintiff did receive that notice and subsequently filed a Complaint with this court on or about July 22, 2013.

Plaintiff's Complaint requests that the court give her the "opportunity to apply for recertification for the current tax year." (Ptf's Compl at 1.) Defendant in its Answer noted that Plaintiff "has been a participant in the deferral program since 2007." (Def's Ans at 1.) Defendant goes on to disagree with Plaintiff's requested relief (the opportunity to apply for recertification), noting certain 2012 legislative changes brought by House Bill 4039 discussed below. (*Id*.) Defendant has requested the court uphold its inactivation determination, which required Plaintiff to be responsible for payment of her property taxes for the 2013-14 tax year. (*Id*. at 2.)

## III. ANALYSIS

Oregon has a homestead property tax deferral program available to qualifying individuals owning qualifying property. *See generally* ORS 311.666 to ORS 311.701.[1] Legislative changes made by the Regular Session of the 2012 Oregon Legislative Assembly under House Bill 4039 amended former ORS 311.689 (2011) in several respects. Or Laws 2012, ch 13, § 6. As is pertinent to this case, Defendant became responsible for certifying the continued eligibility of

/ / /

/ / /

/ / /

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2011 and incorporate the amendments contained in Or Laws 2012, chapter 13.

each homestead granted deferral "not less than once every three years." Or Laws 2012, ch 13, § 4.[2] To carry out that mandate, the legislature required that: (1) Defendant "notify the taxpayers [whose homesteads had been granted deferral] in writing of the[ir] obligation to certify eligibility," and (2) taxpayers "respond, by the means prescribed by the department, *within 65 days* after the department sends the notification." ORS 311.689(1)(b) (2013) (emphasis added).

As indicated above, Defendant sent Plaintiff a notice dated February 1, 2013, requesting Plaintiff provide information regarding her continued eligibility. (Def's Ans at 1; Ptf's Compl at 3.) The notice was mailed to Plaintiff's correct address at 2900 NW Miller Lane, Albany, OR 97321, the same address Plaintiff provided on her appeal to this court and to which Defendant sent Plaintiff its April 22, 2013, Deferral Account Inactivation letter. (Ptf's Compl at 1, 3.) That notice advised Plaintiff, among other things, she had to respond with certain information within 65 days. (*Id*. at 3.)

The 65-day deadline was April 8, 2013, because the 65th day fell on a Sunday, April 7, 2013. Plaintiff never responded to the letter and therefore missed the legislatively mandated 65-day recertification deadline. Plaintiff insists she did not receive that letter, and only got a copy from the assessor after receiving Defendant's inactivation letter in April. The copy Plaintiff submitted to the court with her Complaint to the Magistrate Division of the Oregon Tax court has the words "COPY from DOR" handwritten at the top of the page.

Unfortunately for Plaintiff, the fact that she may not have received Defendant's February 1, 2013, deferral recertification letter does not entitle her to relief. The law does not require Defendant to send written notification to taxpayers by registered or certified mail. Nor

---

[2] Prior to the 2012 amendment, the statute required taxpayers to certify continued eligibility for deferral to the county assessor. *See former* ORS 311.689(1)(2011). The amendment, which became effective June 4, 2012, shifts that responsibility to the Oregon Department of Revenue. *See* Or Laws 2012, ch 13, §§ 4, 9 (see note following section 9 for the identification of the effective date).

did the legislature require actual receipt by the taxpayer of Defendant's written notification. The court must apply the law as written, and has been granted no discretion by the legislature (although the Oregon Department of Revenue has some discretion, as discussed below) to deviate from the 65 day response deadline.

Plaintiff's problem comes from another statutory amendment made by the legislature in 2012. Chapter 13, Section 4 (HB 4039) of the 2012 Regular Session Laws provides that "[f]ailure to respond as required under paragraph (b) of this subsection [which requires the Department to notify the taxpayer and requires the taxpayer to respond within 65 days] renders the homestead ineligible for deferral for the next following property tax year." ORS 311.689(1)(c) (2013). At the time of Defendant's recertification notification in February 2013, the "following property tax year" was 2013-14. Defendant sent Plaintiff a notice dated April 22, 2013, advising Plaintiff that her failure to provide the information demonstrating that her property continued to meet the deferral eligibility requirements within the 65-day deadline rendered her account inactive and made Plaintiff responsible "for payment of [her] property taxes to the county beginning in November of the calendar year in which [she] receive[d] th[at] notice." (Ptf's Compl at 2.)

The court is without any statutory authority to grant Plaintiff's request to continue the deferral. There was some discussion prior to the conclusion of the August 19, 2013, hearing about Plaintiff requesting relief from the Director of the Oregon Department of Revenue as provided in ORS 311.681. Plaintiff indicated an intent to pursue that avenue of relief, which is purely discretionary on the part of the director and the director's decision cannot be appealed to this court, per ORS 311.681(2).

/ / /

The court concludes that Defendant properly inactivated Plaintiff's homestead property tax deferral account for the 2013-14 tax year because it timely sent Plaintiff notice of her requirement to certify the property's continued eligibility and Plaintiff did not respond within the time set by the legislature. Furthermore, the court does not have any authority to consider any extenuating circumstances and grant Plaintiff's request to reinstate the deferral for the tax year at issue. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal must be denied because she did not comply with the legal requirements requiring recertification in order to continue to receive the property tax deferral for property in Benton County, described as Account 012249, for the 2013-14 tax year.

Dated this ____ day of August 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on August 27, 2013. The Court filed and entered this Decision on August 27, 2013.*